UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
PAULINO AGUIRRE, individually and on behalf of all others similarly situated,

                            Plaintiff,

      -against-

GIANFRANCO PIZZERIA & RESTAURANT, INC. and ANGELO CARILLO,

                            Defendants.
---------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Paulino Aguirre ("Plaintiff"), individually and on behalf of all others similarly situated, complaining of the defendants, Gianfranco Pizzeria & Restaurant, Inc. ("Gianfranco Pizzeria") and Angelo Carillo (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. Defendant Gianfranco Pizzeria is a domestic corporation with its principal place of business located at 88 Virginia Road, North White Plains, New York 10603.

7. Gianfranco Pizzeria sells pizza and other Italian cuisine to its customers.

8. Defendant Carillo is an individual residing, upon information and belief, in the State of New York.

9. At all relevant times, Carillo was, and still is, an officer, director, shareholder and/or person in control of Gianfranco Pizzeria who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

11. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

12. At all relevant times, Defendants were responsible for compensating Plaintiff.

13. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

14. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

15. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

16. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

17. Defendants operate in interstate commerce.

18. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20. The FLSA Collective Plaintiffs consist of no less than five (5) similarly situated employees employed by Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

21. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, inter alia, failing to pay employees at the applicable overtime rates for all time worked in excess of forty (40) hours per week.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

24. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

25. Plaintiff worked for Defendants as a pizza maker from in or around 2013 until in or around March 2020, and then again from in or around May 2020 until in or around September 2020.

26. As a pizza maker, Plaintiff's primary job duties included making pizza doughs, preparing toppings and other ingredients, assembling and baking pizzas, answering the phone, and attending to customers.

27. From the beginning of his employment until in or around December 2017, Plaintiff regularly worked Mondays, Wednesdays, and Fridays, from approximately 10:00 a.m. until 10:00 p.m.; and Tuesdays and Thursdays, from approximately 10:00 a.m. until 4:00 p.m., with a daily thirty (30) minute meal break, for a total of approximately forty-five and one-half (45.5) hours worked per week.

28. During this time period, Plaintiff also worked every other Saturday, from 10:00 a.m. until 10:00 p.m., with a daily thirty (30) minute meal break, bringing his total to approximately fifty-seven (57) hours on such weeks.

29. From in or around January 2018 until in or around December 2018, Plaintiff regularly worked Mondays through Saturdays, from approximately 10:00 a.m. until 10:00 p.m., with a daily thirty (30) minute meal break, for a total of approximately sixty-nine (69) hours per week.

30. From in or around January 2019 until in or around January 2020, Plaintiff regularly worked Mondays, Wednesdays, and Fridays, from approximately 10:00 a.m. until 10:00 p.m.; and Tuesdays and Thursdays, from approximately 10:00 a.m. until 4:00 p.m., with a daily thirty (30) minute meal break, for a total of approximately forty-five and one-half (45.5) hours worked per week.

31. During this time period, Plaintiff also worked every other Saturday, from 10:00 a.m. until 10:00 p.m., with a daily thirty (30) minute meal break, bringing his total to approximately fifty-seven (57) hours on such weeks.

32. From in or around February 2020 until in or around March 2020, Plaintiff regularly worked Mondays and Wednesdays from 10:00 a.m. until 9:00 p.m.; and Fridays from 10:00 a.m. until 10:00 p.m., with a daily thirty (30) minute meal break, for a total of approximately thirty-two and one-half (32.5) hours per week.

33. During this time period, Plaintiff also worked every other Saturday, from 10:00 a.m. until 9:00 p.m., with a daily thirty (30) minute meal break, bringing his total to approximately forty-three (43) hours on such weeks.

34. In or around late March 2020, due to the statewide shutdown imposed as a result of COVID-19, Plaintiff was instructed by Defendants to stop reporting to work until further notice.

35. In or around May 2020, Plaintiff was called to return to work.

36. From in or around May 2020 until the end of his employment in or around September 2020, Plaintiff regularly worked Mondays and Wednesdays from 10:00 a.m. until 9:00 p.m.; and Fridays from 10:00 a.m. until 10:00 p.m., with a daily thirty (30) minute meal break, for a total of approximately thirty-two and one-half (32.5) hours per week.

37. During this time period, Plaintiff also worked every other Saturday, from 10:00 a.m. until 9:00 p.m., with a daily thirty (30) minute meal break, bringing his total to approximately forty-three (43) hours on such weeks.

38. Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

39. Throughout his employment, Plaintiff was paid a fixed hourly rate for all hours worked, regardless of the number of hours he worked each week.

40. In or around 2013, Plaintiff was compensated at a fixed rate of $13.00 per hour for all hours worked, regardless of the number of hours he worked per week.

41. Thereafter, Plaintiff received a fifty-cent ($.50) raise at the beginning of each subsequent year, until his final raise to $16.50 per hour in or around January 2020, which he was paid until the end of his employment.

42. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive overtime compensation for all hours worked in excess of forty (40) per week.

43. However, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular rate of pay or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of forty (40) per week.

44. Plaintiff also occasionally received tips from the customers whom he served. When customers picked up food for takeout or otherwise purchased something at the restaurant's counter, they occasionally placed cash tips in a tip jar located on the counter, or gave credit card tips by inputting the tip amount on their credit card receipt.

45. Defendants unlawfully withheld all cash and credit card tips received by the restaurant's employees at the counter, and did not distribute any of the tips to Defendants' employees who worked the counter.

46. Defendants also failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

47. In addition, Plaintiff did not receive, with each wage payment, statements listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

48. Defendants violated federal and state law by willfully failing to compensate Plaintiff with overtime wages for all hours worked in excess of forty (40) per week; misappropriating Plaintiff's tips; and failing to provide Plaintiff with the required wage statements and payroll notices in violation of NYLL §§ 195(1) and (3).

**AS AND FOR A FIRST CAUSE OF ACTION INDIVIDUALLY, AND ON BEHALF OF THE FLSA COLLECTIVE PLAINTIFFS**
(Overtime Violations Under the FLSA)

49. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

50. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5)

times their regular hourly rate of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

51. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

52. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the statutory minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

53. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

54. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

55. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A SECOND CAUSE OF ACTION**
(Overtime Violations Under the NYLL)

56. Plaintiff repeats and realleges all prior allegations set forth above.

57. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the

statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

58. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

59. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

60. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

61. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

62. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

<b><u>AS AND FOR A THIRD CAUSE OF ACTION</u></b><br>(Misappropriation of Tips)

63. Plaintiff repeats and realleges all prior allegations.

64. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

65. NYLL § 196-d prohibits any employer or its agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

66. Defendants unlawfully retained a portion of tips from Plaintiff.

67. Defendants' knowing and intentional retention of a portion of Plaintiff's tips were willful violations of the NYLL and the supporting Department of Labor Regulations.

68. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unlawfully misappropriated tips, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Timely Pay Wages Under the NYLL)

69. Plaintiff repeats and realleges all prior allegations.

70. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

71. Throughout the relevant time period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

72. Throughout the relevant time period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

73. Throughout the relevant time period, Defendants failed to pay Plaintiff all overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

74. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

75. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

76. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Provide Payroll Notices Under the NYLL)

77. Plaintiff repeats and realleges all prior allegations.

78. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

79. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Failure to Provide Wage Statements Under the NYLL)

81. Plaintiff repeats and realleges all prior allegations.

82. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof;

the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

83. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

84. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all misappropriated tips due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court; and

d) on the Fourth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

    f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

    g) Interest;

    h) Costs and disbursements; and

    i) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 5, 2020

                                        */s/ Nicola Ciliotta*
                                        Nicola Ciliotta
                                        Katz Melinger PLLC
                                        280 Madison Avenue, Suite 600
                                        New York, New York 10016
                                        Telephone: (212) 460-0047
                                        Facsimile: (212) 428-6811
                                        nciliotta@katzmelinger.com
                                        *Attorneys for Plaintiff*